1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MODERN EVENT FURNITURE,                    Case No.  2:23-cv-02089-JDP

12              Plaintiff,                       **ORDER**

13        v.                                     GRANTING DEFENDANTS' MOTION TO
                                                 DISMISS
14   SACRAMENTO EVENT CO LLC, *et al.*,
                                                 ECF No. 3
15              Defendants.

16

17        Plaintiff alleges that defendants infringed its trademarks and trade dresses by selling

18   substantially similar products, both in design and name, without plaintiff's permission.

19   Defendants move to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a

20   claim.  ECF No. 3.  For the reasons explained below, defendants' motion is granted.

21                                **Background**

22        According to the complaint, plaintiff Modern Event Furniture ("MEF") is the leading

23   wholesale manufacturer of furniture used in the special event and trade show industry.  ECF No.

24   1-1 ⁋ 16.  Over the past twenty years, MEF has expended significant resources developing the

25   design and functionality of its furniture, which are built to withstand the demands of the trade

26   industry while offering sleek and polished design.  *Id.* ⁋⁋ 16-17.  Defendant Jennifer Corrigan has

27   been an MEF customer since as early as 2014.  *Id.* ⁋ 18.  In 2017, Corrigan informed MEF that

28   she was relocating from Canada, where MEF is headquartered, to Sacramento to open defendant

                                          1

1    Sacramento Event Co. LLC ("SEC"), an upscale event-furniture rental company.  *Id*. ¶¶ 18-19.

2    That same year, Corrigan toured MEF's affiliate, Luxe Rentals, to learn about MEF's products,

3    designs, and how to operate a rental company.  *Id.* ¶ 19.

4         SEC initially purchased multiple pieces of furniture from MEF.  However, to increase its

5    profitability, SEC began purchasing cheaper, lower-quality furniture from a foreign manufacturer.

6    *Id.* ¶¶ 20-21.  The furniture, which appeared substantially similar to that produced by MEF, was

7    obtained by providing the manufacturer with photographs and design specifications for MEF's

8    products.  *Id.* ¶ 21.  In addition to misappropriating MEF's design, SEC allegedly used the same

9    names as did MEF for various pieces of furniture.  *Id.* ¶ 23.  And SEC allegedly took images of

10   MEF's products from its website and social media platforms and used those images to market

11   counterfeit products.  *Id.* ¶ 24.

12        The complaint alleges eight causes of action: (1) trade dress infringement under 15 U.S.C.

13   § 1125(a); (2) common law trade dress infringement; (3) false designation of origin under 15

14   U.S.C. § 1125(a); (4) unfair competition under California Business and Professions Code

15   § 17200; (5) common law unfair competition; (6) false advertising under California Business and

16   Professions Code § 17500; (7) trademark infringement under 15 U.S.C. § 1125; and (8) common

17   law trademark infringement.  *Id.* at 7-12.

18                                   **Legal Standard**

19        A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ.

20   P. 12(b)(1).  A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual.  *Safe*

21   *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the

22   moving party asserts that the allegations in the complaint are "insufficient on their face" to

23   establish federal jurisdiction.  *Id*.  "Whether subject matter jurisdiction exists therefore does not

24   depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."  *Wolfe*

25   *v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In evaluating such a claim, the court accepts the

26   allegations as true, and the plaintiff need not present evidence outside the pleadings.  *Id*.

27        In a factual challenge, the moving party "disputes the truth of the allegations that, by

28   themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "When

                                          2

1   challenged on allegations of jurisdictional facts, the parties must support their allegations by

2   competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  The court does not simply

3   accept the allegations in the complaint as true.  *Safe Air*, 373 F.3d at 1039.  Instead, it makes

4   findings of fact, resolving any material factual disputes by independently evaluating the evidence.

5   *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

6         A complaint may be dismissed for "failure to state a claim upon which relief may be

7   granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

8   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

9   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff

10   pleads factual content that allows the court to draw the reasonable inference that the defendant is

11   liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

12   550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it

13   requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at

14   678.

15         For purposes of dismissal under Rule 12(b)(6), the court generally considers only

16   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

17   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

18   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

19   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court

20   construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972)

21   (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the

22   plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes*

23   *v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d

24   903, 908 (9th Cir. 2014)).

25         **Discussion**

26        Defendants' motion advances two arguments.  First, defendants appear to argue that each

27   of plaintiff's claims is preempted by copyright law.  ECF No. 3 at 5.  According to defendants,

28   MEF's claims are merely reformulations of a copyright claim in that MEF alleges "violations of

1    MEF's copyright-protected images throughout" the complaint.  *Id.*  Defendants contend that

2    because the complaint does not allege registration of a copyright or a refusal by the Copyright

3    Office to register a claim, MEF fails to state a copyright infringement claim.  *Id.*

4          Defendants' argument is based on a mischaracterization of the complaint.  Contrary to

5    defendants' contention, the complaint is not replete with allegations about defendants' use of

6    MEF's photographs.  Instead, the complaint contains a single factual allegation related to

7    defendants' use of plaintiff's copyrighted images.[1]  The remaining allegations concern

8    defendants' misappropriation of MEF's design and product names to sell counterfeit furniture.

9    Thus, there is no basis for defendants' conclusion that MEF is actually asserting copyright claims

10   that have been disguised as unfair competition and trademark and trade dress claims.

11         Defendants' second argument, while imperfectly developed, fares better.  Defendants

12   argue that MEF's complaint contains only vague and general allegations that are insufficient to

13   state a claim for relief.  Defendants note that MEF does not identify any specific furniture design

14   or portion thereof that is protectible.  ECF No. 3 at 6.

15         Each of MEF's claims is based on defendants' alleged misuse of its protected trademark

16   or trade dress.  The Lanham Act "created a federal protection against two types of unfair

17   competition, infringement of registered trademarks, 15 U.S.C. § 1114, and the related tort of false

18   designation of the origin of goods, 15 U.S.C. § 1125(a)."  *International Order of Job's Daughters*

19   *v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980).  A trademark is "a limited property right

20   in a particular word, phrase, or symbol . . .  that 'is used to identify a manufacturer or sponsor of a

21   good or the provider of a service.'"  *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 806

22   n.12 (9th Cir. 2003).  Section 1125(a) of the Lanham Act protects unregistered trademarks.  To

23   prevail on trademark infringement claims, plaintiff must establish: "(1) that [he] has a protectible

24   ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause

25   consumer confusion."  *See Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137,

26

27         [1] Specifically, the complaint alleges that "Defendants, adding insult to injury, scraped the
     images of MEF's products from its website and social media platforms and used those exact
     images on SEC's website and social platforms to market its counterfeit product to its customers
28   and potential customers, in violation of MEF's copyrights in the photos."  ECF No. 1-1 ¶ 24.

4

1    1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118,

2    1124 (9th Cir. 2006)).  Registration of a mark with the U.S. Patent and Trademark Office

3    provides a "strong presumption" that the mark is valid and protectable.  *Zobmondo*

4    *Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010); *see also Yellow*

5    *Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005)

6    ("[W]hen a mark is not registered, the presumption of validity does not apply.").  If the plaintiff's

7    trademark is not registered, the mark is protectible only if it "(1) is inherently distinctive or

8    (2) has acquired distinctiveness through secondary meaning." *Kendall-Jackson Winery, Ltd. v. E.*

9    *& J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998).

10         With respect to its trademark claims, MEF alleges that defendants "misappropriated the

11   following marks in which MEF has common-law trademark rights: MONDRIAN,

12   BERNHARDT, MAXWELL, MAYFAIR, ESSEX BAR BACK, AVENUE BAR,

13   PARAMOUNT STOOL, MERCER SILHOUETTE, MERCER SIDE TABLE, CARLETON

14   COFFEE TABLE, BENTLEY, CAPITAL RIVINGTON, and, REGENCY." ECF No. 1-1 ⸿ 23.

15   MEF further alleges that defendants used these marks for each of the designs that it

16   misappropriated.  It does not, however, allege that any of these marks were registered.  MEF was

17   thus required to allege sufficient facts to plausibly show that it has a protectible ownership in the

18   mark, which it has not done.  *See Orgain, Inc. v. Northern Innovations Holding Corp.*, No. 8:18-

19   cv-01253-JLS-ADS, 2018 WL 7504409, *3 (C.D. Cal. Dec. 6, 2016) ("Plaintiff has not pleaded

20   federal registration and so must establish a plausible inference of validity by pleading other facts

21   tending to show protectible distinctiveness.").

22         MEF's allegations related to infringement of its trade dresses are similarly deficient.

23   "Trade dress refers generally to the total image, design, and appearance of a product and 'may

24   include features such as size, shape, color, color combinations, texture or graphics.'" *Clicks*

25   *Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (quoting *Int'l Jensen, Inc.*

26   *v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)).  To succeed on a trade dress

27   infringement claim, a plaintiff must establish: "(1) that its claimed dress is nonfunctional; (2) that

28   its claimed dress serves a source-identifying role either because it is inherently distinctive or has

1  acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood

2  of consumer confusion." *Id.* at 1258.  The plaintiff is required to "specifically define the list of

3  elements that comprise the trade dress." *Treat, Inc. v. Dessert Beauty*, No. 05-923-PK, 2006 WL

4  2812770, *14 (D. Or. May 5, 2006) (citing *Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F.

5  Supp. 2d 60, 69 (S.D.N.Y. 2003).  "Only then can the court and the parties coherently define

6  exactly what the trade dress consists of and determine whether the trade dress is valid and if what

7  the accused is doing is an infringement." *Id.*

8        MEF neither identifies the particular designs that were copied nor the specific pieces or

9  types of furniture that defendants allegedly counterfeited.  Instead, the complaint merely alleges

10  that "MEF's product designs are inherently distinctive or have acquired secondary meaning

11  through MEF's devotion of significant resources to the development of the products in its

12  collection." ECF No. 1-1 at 8.  This conclusory statement is insufficient to put defendants and the

13  court on notice of the specific trade dresses they allegedly infringed.  *See, e.g.*, *Arcsoft, Inc. v.*

14  *Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1069 (N.D. Cal. 2015) (observing that "courts in this

15  circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by

16  including in their complaint 'a complete recitation of the concrete elements of [their] alleged

17  trade dress'"); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. 08-cv-04397-WHA,

18  2008 WL 6742224, at *5 (N.D. Cal. Dec. 18, 2008) ("[Plaintiff] must provide more detail and

19  clarify . . . the trade dress at issue.  The complaint does not sufficiently put [defendant] on notice

20  of the trade dress claim alleged.").

21        The complaint's remaining claims for unfair competition and false advertisement are

22  based on defendants' alleged infringement of MEF's trademark and trade dress rights.  ECF No.

23  1-1 at 9-11.  As MEF has failed to state a trademark or trade dress infringement claim, the

24  remaining claims must fail.  *See, e.g.*, *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994);

25  *see 6th St. Partners, LLC v. Bd.*, No. CV 21-6595-RSWL-JPRX, 2022 WL 1570630, at *5 (C.D.

26  Cal. Mar. 17, 2022) ("Claims for trademark infringement under California Business and

27  Professions Code section 14245, common law trademark infringement, and unfair competition

28  require the same showing as claims for trademark infringement under the Lanham Act."); *Tan v.*

6

1   *GrubHub, Inc.*, 171 F. Supp. 3d 998, 1010-11 (N.D. Cal. 2016) ("Where the UCL claim is

2   premised on the same acts alleged in the complaint's other causes of action, and those causes of

3   action fail, the UCL claim likewise must be dismissed because the plaintiff has not adequately

4   alleged any predicate unlawful acts."); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir.

5   1994) ("This Circuit has consistently held that state common law claims of unfair competition

6   and actions pursuant to California Business and Professions Code § 17200 are 'substantially

7   congruent' to claims made under the Lanham Act.").

8           Accordingly, it is hereby ORDERED that:

9           1.  Defendants' motion to dismiss, ECF No. 3, is granted.

10          2.  Each of plaintiff's claims is dismissed with leave to amend.

11          3.  Within twenty-eight days of the date of this order, plaintiff may file an amended

12   complaint consistent with this order.

13

14   IT IS SO ORDERED.

15

     Dated:    September 26, 2024                    _____

16                                                   JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28