UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODERN EVENT FURNITURE, | Case No. 2:23-cv-02089-JDP |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO EVENT CO LLC, *et al.*, | |
| Defendants. | |

Plaintiff alleges that defendants infringed its trademarks and trade dresses by selling substantially similar products, both in design and name, without plaintiff's permission. Defendants move to dismiss plaintiff's amended complaint for failure to state a claim. ECF No. 15. For the reasons explained below, defendants' motion is granted.

**Background**

According to the first amended complaint ("FAC"), plaintiff Modern Event Furniture ("MEF") is a leading wholesale manufacturer of furniture used in the special event and trade show industry. ECF No. 14 ¶ 16. Over the past twenty years, MEF has expended significant resources developing the design and functionality of its furniture, which are built to withstand the demands of the trade industry while offering sleek and polished design. *Id.* ¶¶ 16-17. Defendant Jennifer Corrigan has been an MEF customer since as early as 2014. *Id.* ¶ 18. In 2017, Corrigan informed MEF that she was relocating from Canada, where MEF is headquartered, to Sacramento

to open defendant Sacramento Event Co. LLC ("SEC"), an upscale event-furniture rental company. *Id*. ¶¶ 18-19. That same year, Corrigan toured MEF's affiliate, Luxe Rentals, to learn about MEF's product designs and how to operate a rental company. *Id.* ¶ 19.

SEC initially purchased multiple pieces of furniture from MEF. However, to increase profitability, SEC began purchasing cheaper, lower-quality furniture from a foreign manufacturer. *Id.* ¶¶ 20-21. This furniture, which appeared substantially similar to that produced by MEF, was obtained by providing the manufacturer with photographs and design specifications for MEF's products. *Id.* ¶ 21. In addition to misappropriating MEF's design, SEC allegedly used the same names as did MEF for various pieces of furniture. *Id.* ¶ 23. And SEC allegedly took images of MEF's products from its website and social media platforms and used those images to market counterfeit products. *Id.* ¶ 24.

The FAC alleges eight causes of action: (1) trade dress infringement under 15 U.S.C. § 1125(a); (2) common law trade dress infringement; (3) false designation of origin under 15 U.S.C. § 1125(a); (4) unfair competition under California Business and Professions Code § 17200; (5) common law unfair competition; (6) false advertising under California Business and Professions Code § 17500; (7) trademark infringement under 15 U.S.C. § 1125; and (8) common law trademark infringement. *Id.* at 6-12.

## Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## Discussion

Defendants' motion advances three arguments. First, defendants contend that plaintiff failed to plead sufficient facts demonstrating that plaintiff's products are inherently distinctive and have acquired secondary meaning as is necessary for a trade dress infringement claim under the Lanham Act. ECF No. 15 at 8-11. The court previously found that MEF failed to identify the specific designs or pieces of furniture that were copied, and that MEF's conclusory statements were insufficient to put defendants and the court on notice of the specific trade dresses defendants allegedly infringed. ECF No. 13 at 6.

As previously stated, each of MEF's claims is based on defendants' alleged misuse of its protected trademark or trade dress. The Lanham Act "created a federal protection against two types of unfair competition, infringement of registered trademarks, 15 U.S.C. § 1114, and the related tort of false designation of the origin of goods, 15 U.S.C. § 1125(a)." *International Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980). A trademark is "a limited property right in a particular word, phrase, or symbol . . . that 'is used to identify a manufacturer or sponsor of a good or the provider of a service.'" *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 806 n.12 (9th Cir. 2003). Section 1125(a) of the Lanham Act also protects unregistered trademarks. To prevail on a trademark infringement claim, a plaintiff must establish: "(1) that [it] has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *See Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)). Registration of a mark with the U.S. Patent and Trademark Office provides a "strong presumption" that the mark is valid and protectable. *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th

1  Cir. 2010); *see also Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d
2  925, 928 (9th Cir. 2005) ("[W]hen a mark is not registered, the presumption of validity does not
3  apply."). If a plaintiff's trademark is not registered, the mark is protectible only if it "(1) is
4  inherently distinctive or (2) has acquired distinctiveness through secondary meaning." *Kendall-*
5  *Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998).

6  Defendants repeat their argument that MEF's FAC contains only vague and general
7  allegations that are insufficient to state a trade dress infringement claim. Specifically, defendants
8  argue that the FAC and its exhibits merely provide screenshots of defendants' entire product
9  catalog without explanation or analysis. *Id*. at 10. They further argue that (1) plaintiff's general
10 product descriptions do not qualify as trade dress elements because they refer to inherently
11 functional structures, and (2) plaintiff's descriptions of product features relate to simple and
12 indistinctive geometric shapes. *Id*. As such, defendants insist that the descriptions plaintiff
13 included in Exhibit 1 of the FAC fail to define the list of elements that comprise the trade dress.
14 *Id*.

15 The court agrees that MEF's allegations related to infringement of its trade dresses remain
16 deficient. "Trade dress refers generally to the total image, design, and appearance of a product
17 and 'may include features such as size, shape, color, color combinations, texture or graphics.'"
18 *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (quoting *Int'l*
19 *Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). To succeed on a trade
20 dress infringement claim, a plaintiff must establish: "(1) that its claimed dress is nonfunctional;
21 (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive
22 or has acquired secondary meaning; and (3) that the defendant's product or service creates a
23 likelihood of consumer confusion." *Id.* at 1258. The plaintiff is required to "specifically define
24 the list of elements that comprise the trade dress." *Treat, Inc. v. Dessert Beauty*, No. 05-923-PK,
25 2006 WL 2812770, *14 (D. Or. May 5, 2006) (citing *Best Cellars, Inc. v. Wine Made Simple,*
26 *Inc.*, 320 F. Supp. 2d 60, 69 (S.D.N.Y. 2003). "Only then can the court and the parties coherently
27 define exactly what the trade dress consists of and determine whether the trade dress is valid and
28 if what the accused is doing is an infringement." *Id.*

MEF identifies certain designs that were copied and lists the specific pieces or types of furniture that defendants allegedly counterfeited in Exhibits 1 and 2 attached to the FAC. ECF No. 14-1. This is sufficient to put defendants and the court on notice of the specific trade dresses allegedly infringed. *See, e.g.*, *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1069 (N.D. Cal. 2015) (observing that "courts in this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by including in their complaint 'a complete recitation of the concrete elements of [their] alleged trade dress'").

However, plaintiff has failed to demonstrate that its claimed trade dress is nonfunctional. Plaintiff relies on *Trendily* for the proposition that a description of furniture with "highly specific details of trade dress"—like weathered-teak appearance, metal designs, and ornately carved legs—is adequate to plead a trade dress infringement claim. ECF No. 17 at 6-7; *see Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1213-14 (9th Cir. 2023). Yet, in that case, the parties stipulated to the nonfunctional nature of the products in question, and the court relied on that stipulation in its holding. *Id.* at 1214.

Here, the descriptions offered by plaintiff refer to functional structures including a "multi-tiered structure" and "wide legs [that] enhance the piece's visual weight and stability." ECF No. 14-1 at 2-20, Ex. 1. And while plaintiff also identifies aesthetic features of each product, it does not plausibly explain how or why these nonfunctional features make the products "inherently distinctive." Instead, the descriptions consist of conclusory statements to the effect that the products have a "distinctive appearance." *Id*. And even if plaintiff had explained how each product's design is recognizably different than those of competing products, its trade dress claims would remain deficient. The Supreme Court has held that trade dress design of the product cannot be classified as inherently distinctive and must have secondary meaning in the marketplace. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc*., 529 U.S. 205, 216 (2000). Plaintiff's FAC fails to allege that its products have acquired secondary meaning in the marketplace.

Defendants next argue that plaintiff's trademark claims should be dismissed because the FAC fails to show that MEF has a protectable ownership interest in the trademarks related to its

1  products. ECF No. 15 at 11. Specifically, defendants assert that both plaintiff's failure to plead

2  "substantial exclusive use" under 15 U.S.C. § 1052(f) and the fact that marks such as

3  "MONDRIAN" and "MAXWELL" are used by numerous third parties throughout the furniture

4  industry is fatal to its argument that it has a protectible ownership interest in the marks. *Id*. The

5  court previously held that plaintiff's initial complaint both failed to allege any of the marks in

6  question were registered and failed to allege sufficient facts to plausibly show that it has a

7  protectible ownership in the mark. ECF No. 13 at 5. The same is true for the FAC.

8      With respect to its trademark claims, MEF alleges that defendants "misappropriated the

9  following marks in which MEF has common-law trademark rights: MONDRIAN,

10 BERNHARDT, MAXWELL, MAYFAIR, ESSEX BAR BACK, AVENUE BAR,

11 PARAMOUNT STOOL, MERCER SILHOUETTE, MERCER SIDE TABLE, CARLETON

12 COFFEE TABLE, BENTLEY, CAPITAL RIVINGTON, and REGENCY." ECF No. 14 ¶ 23.

13 MEF further alleges that defendants used these marks for each of the misappropriated designs.[1]

14 As before, MEF does not allege that any of these marks were registered. MEF was thus required

15 to allege sufficient facts to show that it has a protectible ownership in the mark, which it has again

16 failed to do. *See Orgain, Inc. v. Northern Innovations Holding Corp.*, No. 8:18-cv-01253-JLS-

17 ADS, 2018 WL 7504409, *3 (C.D. Cal. Dec. 6, 2016) ("Plaintiff has not pleaded federal

---

[1] Specifically, plaintiff alleges that defendant "SEC adopted the same names as MEF for the designs that it misappropriated from MEF, infringing MEF's common-law trademark rights and creating a false designation of association with MEF." ECF No. 14 ¶ 23. The court notes that this allegation contradicts information provided in Exhibit 2 to the FAC, which reflects that defendants used different names for each of the allegedly misappropriated designs. For example, plaintiff alleges defendants infringed common-law rights for the trademark "Mondrian"—a mark used in relation to plaintiff's "Mondrian Cube" product—but Exhibit 2 identifies defendants' infringing item as "The Cube Ottoman." ECF No. 14 ¶ 23; ECF No. 14-1 at 25. This court is permitted to disregard allegations in the complaint that are contradicted by facts established in the complaint's exhibits. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2011) (holding that a plaintiff may plead himself out of a claim by including details contrary to his claims); *see also Cooper v. Yates*, No. 1:09-cv-85-AWI-MJS (PC), 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (observing that courts may disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint). However, because plaintiff's trademark claims must be dismissed due to other deficiencies discussed herein, and given that neither party has addressed this inconsistency, the court declines to disregard plaintiff's allegation that defendant adopted the same names that plaintiff used (i.e., used plaintiff's common-law trademarks).

1  registration and so must establish a plausible inference of validity by pleading other facts tending
2  to show protectible distinctiveness.").

3  Plaintiff fails to plead that its marks have been subject to plaintiff's "substantial exclusive
4  use" such that they have acquired distinctiveness through secondary meaning. Plaintiff's failure
5  to allege that its marks are exclusive and not used by other industry participants suggests that
6  plaintiff does not have a protectible ownership interest in these unregistered marks. *See Milbank*
7  *Tweed Hadley & McCloy LLP v. Milbank Holding Corp.*, No. CV-06-187-RGK (JTLx), 2007
8  WL 1438114 (C.D. Cal. 2007) ("[W]hen a mark is in widespread use, it is less likely to have
9  achieved secondary meaning for the goods or services of one business."); *Fleischer Studios, Inc.*
10 *v. A. V.E.L.A., Inc.*, 654 F.3d 958, 967 (9th Cir. 2011) ("[F]ractured ownership of a trademark
11 may make it legally impossible for a trademark owner to prove secondary meaning."). Instead,
12 plaintiff makes the conclusory allegation that defendants have been infringing plaintiff's
13 common-law trademark by using the marks in connection with furniture. ECF No. 14 at 11. This
14 is a legal contention and not a factual allegation, and, as such, plaintiff's argument that it has a
15 protectible ownership interest in the unregistered marks is insufficient to survive a motion to
16 dismiss.

17 The FAC's remaining claims for unfair competition and false advertisement are based on
18 defendants' alleged infringement of MEF's trademark and trade dress rights. ECF No. 14 at 9-11.
19 As MEF has failed again to state a trademark or trade dress infringement claim, the remaining
20 claims fail. *See, e.g.*, *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994); *see 6th St.*
21 *Partners, LLC v. Bd.*, No. CV 21-6595-RSWL-JPRX, 2022 WL 1570630, at *5 (C.D. Cal. Mar.
22 17, 2022) ("Claims for trademark infringement under California Business and Professions Code
23 section 14245, common law trademark infringement, and unfair competition require the same
24 showing as claims for trademark infringement under the Lanham Act."); *Tan v. GrubHub, Inc.*,
25 171 F. Supp. 3d 998, 1010-11 (N.D. Cal. 2016) ("Where the UCL claim is premised on the same
26 acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL
27 claim likewise must be dismissed because the plaintiff has not adequately alleged any predicate
28 unlawful acts."); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has

consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act.").[2]

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 15, is GRANTED.

2. Plaintiff's first amended complaint is dismissed with leave to amend.

3. Within twenty-one days of the date of this order, plaintiff may file an amended complaint consistent with this order.

IT IS SO ORDERED.

Dated:     September 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also repeat their argument that each of plaintiff's state law claims is preempted by copyright law. ECF No. 15 at 12-13. Because plaintiff's amended complaint is dismissed for failure to state a claim, the court declines to reach this argument.