UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MODERN EVENT FURNITURE,

Plaintiff,

v.

SACRAMENTO EVENT CO LLC, *et al.*,

Defendants.

Case No.  2:23-cv-02089-JDP

ORDER

Modern Even Furniture ("plaintiff") alleges that defendants infringed its trade dresses by selling substantially similar products, both in design and name, without its permission. Defendants have moved to dismiss plaintiff's amended complaint for failure to state a claim. ECF No. 22.  This is now the third motion to dismiss that I have adjudicated.  *See* ECF Nos. 13 & 20.  For the reasons below, defendants' motion is denied.

**Background**

Plaintiff is a wholesale manufacturer that sells furniture to rental companies.  ECF No. 21 at 2 ¶ 9.  Defendant Sacramento Event Co LLC ("SEC") is a company in the event-furniture rental business, and defendant Jennifer Corrigan is its principal.  *Id.* at 3 ¶¶ 10-11.  Corrigan has been a customer of MEF and Luxe Rentals since 2014, and, in 2017, she informed MEF that she was relocating from Canada to Sacramento to open SEC.  *Id.* at 4 ¶¶ 18-19.  That same year,

1

Corrigan toured plaintiff's affiliate, Luxe Rentals, to learn about plaintiff's products, designs, and how to operate a rental company. *Id.* at 4 ¶ 19.

Defendant SEC initially purchased multiple pieces of furniture from plaintiff and used them in the ordinary course of its business. *Id*. at 5 ¶ 20. However, to increase its profitability, SEC began purchasing cheaper, lower-quality furniture that was substantially similar in appearance to that of MEF. *Id.* at 5 ¶ 21. The furniture was obtained by providing a manufacturer with photographs and design specifications for plaintiff's products. *Id.* Plaintiff obtained communications between defendants and a foreign third-party manufacturer revealing that defendants attempted to purchase its designs directly from the source. *Id.* Plaintiff also visited defendant SEC's third-party manufacturer in 2023 and allegedly discovered photos and design specifications enabling the manufacturer to reproduce its products in cheaper form. *Id*. at 5 ¶ 22. In addition to misappropriating plaintiff's design, defendant SEC allegedly used the same names as plaintiff for various pieces of furniture. *Id.* at 5-6 ¶ 23. And defendant SEC allegedly took images of plaintiff's products from its website and social media platforms and used those images to market counterfeit products. *Id.* at 6 ¶ 24.

Plaintiff brings six causes of action: (1) unfair competition under California Business and Professions Code § 17200; (2) common law unfair competition; (3) trade dress infringement under 15 U.S.C. § 1125(a); (4) common law trade dress infringement; (5) false designation of origin under 15 U.S.C. § 1125(a); and (6) false advertising under California Business and Professions Code § 17500. *Id.* at 6-11.

### Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it

2

requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**Discussion**

Defendants advance two arguments. First, they argue that plaintiff failed to plead that its alleged trade dress is nonfunctional because it merely provided vague and generic descriptions without identifying the nonfunctional eligible elements of the products. ECF No. 22 at 7-8. In response, plaintiff argues that it has properly alleged that the designs are nonfunctional. ECF No. 23 at 4-8. Specifically, plaintiff contends that it adequately describes how the tufting patterns—the effect created by the contrast between simple metal frames and luxurious and bold upholstery—and imbalanced proportions combined comprise their nonfunctional trade dress. *Id*.

Section 1125(a) of the Lanham Act protects unregistered trade dresses. 15 U.S.C. § 1125. "Trade dress refers generally to the total image, design, and appearance of a product and 'may include features such as size, shape, color, color combinations, texture or graphics.'" *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). A successful claim for trade dress infringement requires a claimant to show: "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood

3

of consumer confusion." *Id.* at 1258 (quoting *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998)). "In order to state a claim for trade dress infringement, therefore, a plaintiff must specifically define the list of elements that comprise the trade dress." *Treat, Inc. v. Dessert Beauty*, CV. 05-923-PK, 2006 U.S. Dist. LEXIS 74476, *30 (D. Or. May 5, 2006) (citing *Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F. Supp. 2d 60, 69 (S.D.N.Y. 2003)). "Only then can the court and the parties coherently define exactly what the trade dress consists of and determine whether the trade dress is valid and if what the accused is doing is an infringement." *Id.* (quoting 2 McCarthy on Trademarks and Unfair Competition § 8.3 (4th ed.)).

Plaintiff identifies in the complaint certain designs that were copied and the specific pieces or types of furniture that defendants allegedly counterfeited. This is sufficient to put defendants and the court on notice of the specific trade dresses allegedly infringed. *See Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1069 (N.D. Cal. 2015) (observing that "courts in this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by including in their complaint 'a complete recitation of the concrete elements of [their] alleged trade dress'").

Turning to the first element of a trade dress infringement claim, a plaintiff's trade dress must be nonfunctional to be protected. *TrafFix Devices v. Mktg. Displays, Inc.*, 532 U.S. 23, 30 (2001). "A product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (citing *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995) (internal quotation marks omitted)). "[F]unctional elements that are separately unprotectable can be protected together as part of a trade dress." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 842 (9th Cir. 1987).

Plaintiff has met its burden of alleging that its claimed trade dress is nonfunctional. Plaintiff alleges that its trade dress comprises allegedly nonfunctional features such as "metallic frames in contrast with . . . upholstery" and "diamond" tufting patterns. ECF No. 21 at 8-9 ¶¶ 44-45. The images and descriptions plaintiff attached to its complaint include a bar piece with a

4

unique "semi-circular shape" and a bar back with a "cylindrical structure" with "smooth lines" and a "metallic trim." *Id*. at 14-15. Plaintiff also includes descriptions of furniture with "deep button tufts" and "vertical linear tufting." *Id*. at 16-17. These descriptions all relate to allegedly nonfunctional elements that are not essential to the use or purpose of the furniture and provide unique aesthetic designs. Taken together, the individual elements plaintiff describes appear, at this stage, to serve an aesthetic purpose and are nonfunctional.

Second, defendants argue that plaintiff fails to plead substantial exclusivity as to plaintiff's designs and product names. ECF No. 22 at 9. Defendants argue that it is a necessary element to allege that plaintiff's products are inherently distinctive or have acquired secondary meaning. *Id*. Plaintiff responds by claiming that this argument is irrelevant to the motion because plaintiff is required only to plead the elements outlined in the *Clicks* case, and that this does not require pleading "substantial exclusivity." ECF No. 23 at 8. I agree with plaintiff. Substantial exclusive use is one non-dispositive factor considered in the inquiry courts use to determine whether a product has acquired secondary meaning. *See Vision Sports, Inc. v. Melville Corp*., 888 F.2d 609, 615 (9th Cir. 1989) ("The factors to be assessed in determining secondary meaning include . . . whether [plaintiff's] use of the trade dress has been exclusive."). As such, the court declines to consider whether plaintiff has satisfied the substantial exclusive use factor.

And I find that plaintiff has adequately pleaded that its products are distinctive. A trade dress is "distinctive" in one of two ways. Some trade dresses are considered "inherently distinctive," in that their "intrinsic nature serves to identify a particular source." *Wal-mart v. Samara Bros., Inc*., 529 U.S. 205, 210 (2000). A trade dress that is not inherently distinctive may also acquire distinctiveness (also called "secondary meaning") over time, if the public forms a sufficiently strong association between the trade dress and the source or brand it is intended to signify. *Id*. (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc*., 456 U.S. 844, 851, n.11 (1982)).

Here, for purposes of weighing a motion to dismiss, plaintiff's pleadings as to the distinctiveness of its products are sufficient. It alleges that its "use of specific diamond or linear tufting patterns in certain furniture is uncommon" and that "imbalanced proportions between seat

and backrest of certain chairs is a . . . unique feature that separates those designs from others on the market." ECF No. 21 at 8-9 ¶ 45. The pleading standard on this and other elements of trade dress is not high. Another court in this circuit has held that:

> [w]hile a plaintiff cannot adopt a shifting-sands approach to pleading its alleged trade dress, it is also difficult to require the plaintiff to essentially prove—as opposed to simply allege—that its trade dress satisfies all of the essential elements at the pleading stage. A defendant may very well believe that a plaintiff's cataloging of website features in the complaint does not make out a claim for protectable trade dress. But granting a dismissal motion based upon that belief would turn the litigation process on its head. A court must test the legal merits of a plaintiff's alleged trade dress at summary judgment or trial when the parties provide with all relevant, admissible evidence—not at the pleading stage when the court has little more than the plaintiff's allegations and the defendant's summary denial of them. So long as a plaintiff has alleged a complete recitation of the concrete elements of its alleged trade dress, it should be allowed to proceed.

*Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. Sept. 23, 2014). For pleading purposes, plaintiff has satisfied that standard here.

Accordingly, it is ORDERED that defendants' motion to dismiss, ECF No. 22, is DENIED. Defendants shall file an answer within fourteen days of this order's issuance.

IT IS SO ORDERED.

Dated:    May 11, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE