BUCHALTER LLP
Josh H. Escovedo, State Bar No. 284506
jescovedo@buchalter.com
Berit L. Elam, State Bar No. 307389
belam@buchalter.com
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170

Attorneys for Plaintiff
Modern Event Furniture

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MODERN EVENT FURNITURE, a Florida corporation,

Plaintiff,

vs.

SACRAMENTO EVENT CO LLC, a California limited liability company; JENNIFER CORRIGAN, an individual; and Does 1 through 20, inclusive,

Defendants.

Case No. 2:23-cv-02089-JDP

**STIPULATION AND PROTECTIVE ORDER**

Complaint filed: August 18, 2023
Trial date set:

**IT IS HEREBY STIPULATED** by and between Plaintiff Modern Event Furniture and Defendants Sacramento Event Co LLC and Jennifer Corrigan, by and through their respective counsel of record, to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding *Modern Event Furniture v. Sacramento Event Co LLC, et al.*, United States District Court for the Eastern District of California, Case No. 2:23-cv-02089-JDP.

b. "Court" means the Hon. Jeremy D. Peterson, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Attorneys' Eyes Only" or "AEO" means Confidential Materials that the Designating Party reasonably and in good faith believes contain highly sensitive, non-public commercial, financial, proprietary, or competitively sensitive information, the disclosure of which to another Party, or to an officer, director, member, employee, or agent of another Party, would create a substantial risk of competitive or commercial harm that could not reasonably be avoided by less restrictive means. Such information may include, without limitation, non-public customer information, customer lists, supplier or manufacturer identities and information, sourcing information, pricing, costs, margins, profits, non-public sales or revenue information, purchasing information, product-development information, and other competitively sensitive business information.

f. "Designating Party" means the Party that designates Materials as "Confidential" or "ATTORNEYS' EYES ONLY."

g. "Receiving Party" means a Party that receives Documents, Testimony, or Information from a Designating Party or non-Party in connection with this Proceeding.

h. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

i. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

j. "Information" means the content of Documents or Testimony.

k. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party reasonably and in good faith believes contain non-public information entitled to confidential treatment under applicable law. The Designating Party may designate as "ATTORNEYS' EYES ONLY" any Documents, Testimony, or Information satisfying the criteria set forth in Paragraph 1(e). The Parties shall exercise good faith in making such designations and shall designate material as "ATTORNEYS' EYES ONLY" only where the heightened level of protection is reasonably warranted.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. Nothing in this Stipulation and Protective Order shall be construed as an agreement or admission that any particular Documents, Testimony, or Information are relevant, proportional to the needs of the case, discoverable, or admissible. Nothing herein shall waive or limit any Party's right to object to any discovery request on any ground, including relevance, proportionality, overbreadth, burden, privilege, privacy, confidentiality, or otherwise, or to seek a protective order limiting the scope of discovery. The existence of this Stipulation and Protective Order shall not, standing alone, constitute grounds for compelling production of information that is otherwise outside the permissible scope of discovery.

4. Any Documents, Testimony or Information to be designated as "Confidential" or "ATTORNEYS' EYES ONLY" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "ATTORNEYS' EYES ONLY" designation. The "Confidential" or "ATTORNEYS' EYES ONLY" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "ATTORNEYS' EYES ONLY" on each page of any Document containing such designated Material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "ATTORNEYS' EYES ONLY" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "ATTORNEYS' EYES ONLY;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "ATTORNEYS' EYES ONLY," as applicable (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "ATTORNEYS' EYES ONLY" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "ATTORNEYS' EYES ONLY," as applicable. If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "ATTORNEYS' EYES ONLY" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding

without a "Confidential" or "ATTORNEYS' EYES ONLY" designation, shall be without prejudice to any claim that such item is "Confidential" or "ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "ATTORNEYS' EYES ONLY," as applicable (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "ATTORNEYS' EYES ONLY" designated Materials. Should the Receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the Receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

Upon receipt of notice that previously produced material should have been designated "ATTORNEYS' EYES ONLY," the Receiving Party shall promptly make reasonable efforts to retrieve all copies of the material disclosed to any person who is not authorized to receive Attorneys' Eyes Only Material and shall prevent further unauthorized disclosure. No disclosure made before receipt of such notice shall constitute a violation of this Order if the disclosure was authorized under the designation applicable to the material when disclosed.

5A. Pursuant to Federal Rule of Evidence 502(d), disclosure or production of any

Document, Testimony, or Information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this Proceeding or in any other federal or state proceeding. Upon written notice that privileged or protected material has been inadvertently produced, the Receiving Party shall promptly return, sequester, or destroy the identified material and all copies thereof and shall not use or disclose the material pending resolution of any dispute concerning the asserted privilege or protection. Nothing herein prevents the Receiving Party from challenging the asserted privilege or protection before the Court. This Paragraph shall be interpreted consistently with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d).

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "ATTORNEYS' EYES ONLY" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, employees and agents of non-designating Parties whose review of the Confidential Materials is reasonably necessary to assist counsel in the prosecution or defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. any deposition or non-trial hearing witness to whom disclosure is reasonably necessary for purposes of examination or preparation of testimony; provided, however, that before being given access to Confidential Materials, such witness shall be advised that the Materials are subject to this Stipulation and Protective Order and shall execute the Certification attached hereto as Exhibit A;

g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i. any other person that the Designating Party agrees to in writing.

j. Notwithstanding Paragraphs 7(a)-(i), Materials designated "ATTORNEYS' EYES ONLY" shall not be disclosed to any Party or to any officer, director, partner, member, employee, or agent of any Party, except by written consent of the Designating Party or order of the Court. Attorneys' Eyes Only Materials may be disclosed only to:

**(1)** outside counsel of record in this Proceeding and attorneys, paralegals, clerical personnel, and litigation-support personnel employed by or assisting such counsel whose access is reasonably necessary for this Proceeding;

**(2)** the Court and Court personnel;

**(3)** court reporters, videographers, and other persons engaged to record or transcribe testimony in this Proceeding;

**(4)** outside experts and consultants retained in connection with this Proceeding whose access is reasonably necessary and who have executed Exhibit A;

**(5)** the author, recipient, or prior lawful possessor of the particular Material, but only to the extent necessary for purposes of this Proceeding; and

**(6)** any other person upon written consent of the Designating Party or order of the Court.

k. A witness may be shown Attorneys' Eyes Only Material during a deposition or hearing only if the witness authored, received, previously possessed, or otherwise had lawful access to the Material, or upon written consent of the Designating Party or order of the Court. During any portion of testimony concerning Attorneys' Eyes Only Material, persons not authorized to receive such Material under this Order shall be excluded to the extent practicable.

8. Confidential Materials and Attorneys' Eyes Only Materials shall be used solely for purposes of preparing for, conducting, participating in, prosecuting, defending, appealing, or otherwise resolving this Proceeding and for no business, commercial, competitive, personal, or other purpose whatsoever. Without limiting the foregoing, no person receiving Confidential or Attorneys' Eyes Only Materials may use such Materials for competitive decision-making, customer or supplier solicitation, pricing, sourcing, product development, marketing, or any other business purpose.

9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony or Information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Material should be subject to protection as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential or Attorneys' Eyes Only Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential or Attorneys' Eyes Only Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production

of the Confidential or Attorneys' Eyes Only Materials, and/or seek to obtain confidential treatment of such Confidential or Attorneys' Eyes Only Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

If the Designating Party timely moves to quash, seeks a protective order, or otherwise seeks judicial protection concerning the subpoenaed Materials, the recipient shall not produce the Confidential or Attorneys' Eyes Only Materials until the court having jurisdiction over the Subpoena resolves the request for protection, unless production is otherwise required by applicable law or court order.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential or Attorneys' Eyes Only Materials require additional protection.

15. If Confidential or Attorneys' Eyes Only Materials are disclosed to any person or entity not authorized to receive them under this Order, the Party responsible for or learning of the unauthorized Disclosure shall promptly: (a) notify the Designating Party in writing of all pertinent facts concerning the Disclosure; (b) use reasonable efforts to retrieve all unauthorized copies of the Materials; (c) inform the person or entity to whom the unauthorized Disclosure was made of the terms of this Order; and (d) request that such person or entity execute Exhibit A and refrain from any further use or Disclosure of the Materials. Nothing in this Paragraph limits any rights or remedies otherwise available to the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Designating Party to knowingly waive the applicability of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation as to any Materials designated by that Party. Any such waiver shall apply only to the specific Materials as to which the Designating Party has knowingly waived the designation and shall not constitute a waiver as to any other Materials. If the Designating Party uses designated Materials in a manner inconsistent with maintaining the applicable designation, the Designating Party shall promptly advise the other Parties that the

designation no longer applies to such Materials.

17. Where any Confidential or Attorneys' Eyes Only Materials, or Information derived therefrom, are included in any filing, motion, or other proceeding before the Court, the Parties shall comply with Eastern District of California Local Rule 141 and any other applicable rule or order governing requests to seal or restrict public access. Designation under this Protective Order does not, by itself, establish that the applicable legal standard for sealing has been satisfied. The Parties shall meet and confer regarding the procedures for use of Confidential and Attorneys' Eyes Only Materials at trial and shall move the Court for entry of an appropriate order.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential or Attorneys' Eyes Only Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

19. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

20. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential and Attorneys' Eyes Only Materials and all copies thereof (except that counsel for each Party may retain one archival copy of pleadings, motion papers, correspondence, deposition transcripts and exhibits, expert materials, discovery responses, attorney work product, and other materials reasonably necessary to maintain a complete archival litigation file, provided that all retained Confidential and Attorneys' Eyes Only Materials shall remain subject to this Stipulation and Protective Order), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential and Attorneys' Eyes Only Materials, or (c) as to any

Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

21. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential and Attorneys' Eyes Only Materials that have been produced before the Court signs this Stipulation and Protective Order.

22. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential and Attorneys' Eyes Only Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

DATED: August 12, 2026 BUCHALTER LLP

By: ______________________________
Josh H. Escovedo
Berit L. Elam
Attorneys for Plaintiff
Modern Event Furniture

DATED: August 12, 2026 THE LAW OFFICE OF KEVIN M WELCH

By: ______________________________
Kevin M. Welch
Attorney for Defendants
Sacramento Event Co., LLC and
Jennifer Corrigan

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**Certification Re Confidential and/or Attorneys' Eyes Only Discovery Materials**

I hereby acknowledge that I, ____________________________ [NAME], __________________________________________ [POSITION AND EMPLOYER], am about to receive Confidential and/or Attorneys' Eyes Only Materials supplied in connection with the Proceeding, ***Modern Event Furniture v. Sacramento Event Co LLC, et al.*****, United States District Court for the Eastern District of California, Case No. 2:23-cv-02089-JDP**. I certify that I understand that the Confidential and/or Attorneys' Eyes Only Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential and/or Attorneys' Eyes Only Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential and/or Attorneys' Eyes Only Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential and/or Attorneys' Eyes Only Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this ____ day of________, 20__, at _________________.

DATED:_____________ BY: _____________________________________

Signature

_____________________________________

Title

_____________________________________

Address

_________________________________________
City, State, Zip
_______________________Telephone Number