UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODERN EVENT FURNITURE, *et al.*,<br>Plaintiffs,<br>v.<br>SACRAMENTO EVENT CO LLC, *et al.*,<br>Defendants. | Case No. 2:23-cv-2089-JDP<br><br>ORDER |

Pending before the court is plaintiff's ex parte application to continue the opposition deadline to defendants' motion for summary judgment. Because plaintiff has made the requisite showing, the motion is granted, and defendants' motion for summary judgment is denied without prejudice to refiling.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it to allow additional "time to obtain affidavits or declarations or to take discovery." Fed R. Civ. P. 56(d). The party seeking leave to conduct additional discovery must identify the specific facts that he or she hopes to elicit through discovery and show that the facts are necessary to defeat summary judgment. *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "The party seeking additional discovery also bears the

burden of showing that the evidence sought exists." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Even if the moving party satisfies these requirements, its motion may be denied if the party fails to diligently pursue discovery. *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (holding that a Rule 56(d) motion may be denied if the movant failed to "diligently pursu[e] its previous discovery opportunities") (emphasis in original).

While defendants removed this action in September 2023, the case's procedural history supports plaintiff's contention that the parties have yet to meaningfully engage in discovery. This matter has been through three rounds of motions to dismiss. *See* ECF Nos. 3, 15, & 22. Defendants answered on May 26, 2026, ECF No. 28, and the court set a scheduling conference for August 6, 2026, ECF No. 29. Just prior to that conference, defendants filed an ex parte application to suspend discovery until the scheduling conference because defendants wished to file an early motion for summary judgment. ECF No. 31. At the August 6 scheduling conference, the court denied the motion as moot. The court also noted that if it were to consider the motion, it would deny it on the merits as discovery is a useful mechanism that should be used at least somewhat before the filing of dispositive motions. The court issued a scheduling order that stated in relevant parts that discovery shall be completed by February 11, 2027, and dispositive motions shall be heard by May 13, 2027. ECF No. 35. A settlement conference was also set before the Honorable Carolyn K. Delaney on January 28, 2027. ECF No. 36.

On September 21, 2026, defendants filed an early motion for summary judgment. ECF No. 39. On September 25, 2026, plaintiff's counsel notified defense counsel that they intended to file an ex parte application to continue the opposition and hearing deadline. ECF No. 40-1 at 2. On September 28, 2026, defense counsel responded with availability to meet and confer on September 29, 2026. *Id.* at 2-3. Defense counsel informed plaintiff's counsel that they would confer with their clients and provide a response by the morning of September 30, 2026. On the afternoon of September 30, 2026, defense counsel notified plaintiff's counsel that they would not stipulate to an extension, obligating that plaintiff file this ex parte application on September 30,

2026. *Id.* at 3. At present, the opposition to defendants' motion is due October 5, 2026.

Plaintiff's counsel has filed a declaration with the ex parte application. Counsel states that it served its first set of requests for production, requests for admission, and interrogatories on defendants July 20, 2026. ECF No. 40-1 at 2. Defendants served unverified responses to the requests for admission and interrogatories on August 26, 2026, and stated that they would serve responses to the request for production on September 28, 2026. *Id.* Plaintiff still has not received any responses to the request for production. *Id.* Plaintiff further argues that it "requires discovery to determine, for example, the manufacturing source of these furniture pieces, when they were manufactured, and whether these pieces predated Plaintiff's designs and/or Defendants' infringement of Plaintiff's designs" and "[i]ssues regarding the uniqueness, functionality of features, and source-identification status of Plaintiff's furniture pieces are all subjects of expert testimony." ECF No. 40 at 6.

While plaintiff's counsel's declaration is light on why discovery is necessary to meaningfully oppose defendants' motion, the declaration, taken together with the case's procedural history and this court's explicit warning that the parties should engage in discovery before filing a dispositive motion, satisfies the requirements of Rule 56(d). Defendants' motion for summary judgment is therefore denied without prejudice to refiling after the parties have had an opportunity to meaningfully engage in discovery. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (holding that summary judgment is generally disfavored "where relevant evidence remains to be discovered"); *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (holding that [t]he court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's ex parte application, ECF No. 40, is GRANTED.
2. Defendants' motion for summary judgment, ECF No. 39, is DENIED without prejudice to re-filing any time after January 1, 2027.

IT IS SO ORDERED.

Dated: October 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE